WO                                                                                               MD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramone Trammell, | No. CV 13-1135-PHX-GMS (SPL) |
| Plaintiff, | |
| vs. | **ORDER** |
| Tim Spruyt, et al., | |
| Defendants. | |

On June 5, 2013, Plaintiff Ramone Trammell, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a September 3, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On October 3, 2013, Plaintiff filed his First Amended Complaint. In a November 26, 2013 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On December 27, 2013, Plaintiff filed a Second Amended Complaint (Doc. 6). The Court will dismiss the Second Amended Complaint and this action.

. . . .

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.     Second Amended Complaint

### A.     Plaintiff's Allegations

In his Second Amended Complaint, Plaintiff alleges one count of excessive force by an officer and one count of denial of constitutionally adequate medical care. He names as Defendants Tempe Police Officer Tim Spruyt, Maricopa County Correctional Officer Kelly, and Dr. Mullany and Nurse Corbin, who work at the Maricopa County Jail for Correctional Health Services. Plaintiff seeks compensatory and punitive damages, costs, attorney's fees, and "such equitable relief as deemed necessary or proper."

Plaintiff alleges the following facts in Count I: Plaintiff was "travelling as a passenger in a vehicle for a traffic violation and for use of marijuana." Plaintiff "decided to run, and as he ran from the location of the stop, he was shot in the back by Officer Spruyt." As Plaintiff ran from the scene, he dropped his cell phone, which was the only item in his possession aside from cash, a wallet and the clothes he was wearing. Plaintiff alleges that Spruyt made no commands to stop and that Spruyt never saw a weapon to confirm that Plaintiff was armed. Plaintiff contends that prior to fleeing, the "worst charge [he] could have been suspected of was possession of marijuana. Because Spruyt could not have confirmed that [Plaintiff] had a weapon and because at the time of the incident, the worst crime that could have been imputed to [Plaintiff] was evading arrest, the use of Spruyt's firearm, a deadly weapon for purposes of inflicting deadly force, was unreasonable." Plaintiff alleges that Spruyt could not have mistaken his cell phone for a weapon and that Spruyt "would have been able to easily ascertain that it was not a weapon that dropped[.]"

In Count II, Plaintiff asserts that as a result of the gunshot wounds, he required surgery and a portion of his bowel was removed, a stoma inserted, and he now needs a colostomy bag. Plaintiff alleges that Defendant Corbin has refused to give him items to care for the stoma, including hydrogen peroxide, saline to clean the area, cleaning materials such as gauze or Q-tips, or a dry dressing for irritation. Plaintiff states that he has only received these items on two or three occasions during his incarceration, "even

though these items are needed multiple times a day." The inability to care for his stoma has caused infections, pain, discomfort and psychological trauma.

Plaintiff further alleges that Defendant Mullany has refused to reverse the colostomy and has told Plaintiff that the procedure is elective. Plaintiff alleges that Mullany's refusal "was deliberately indifferent to [Plaintiff's] medical needs as [he] had made Dr. Mullany aware that the site was getting infected because [Plaintiff] was not being given supplies to care for the stoma" and because "infections can lead to organ failure and death."

Finally, Plaintiff alleges that Defendant Kelly, a transportation officer, "was told by [Plaintiff] about the infections and saw the infection first hand, and about Corbin's refusal to get supplies for [Plaintiff]." Plaintiff asserts that Kelly has the authority to send Plaintiff to receive services from Plaintiff's own physicians but "refused to have [Plaintiff] transferred to get help."

### B.    Additional Background

According to records available online, Plaintiff is being held on criminal charges of aggravated assault and misconduct involving weapons in Maricopa County Superior Court case, #CR2012-132289, with an offense date of June 7, 2012.[1]

### III.    Failure to State a Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Outlander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

. . . .

---

[1] *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp (last visited Feb. 21, 2014).

- 4 -

### A.     Excessive Force

Plaintiff designates Count I as a claim for the excessive use of force.  A claim that police officers used excessive force in the course of an arrest arises under the Fourth Amendment.  *See Graham v. Connor*, 490 U.S. 386, 395 (1989); *Hooper v. County of San Diego*, 629 F.3d 1127, 1133 (9th Cir. 2011); *Bryan v. MacPherson*, 630 F.3d 805, 823-24 (9th Cir. 2010).  To state an excessive force claim, a plaintiff must allege facts to support that the force used by police officers was objectively unreasonable under the circumstances.  *Graham*, 490 U.S. at 395.  The pertinent question is whether the use of force was "objectively reasonable in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation." *Id.* at 397.  Further, an arrestee's resistance may support the use of force regardless of whether of probable cause for an arrest exists.  *Brooks v. City of Seattle*, 599 F.3d 1018, 1022 (9th Cir. 2010).  But the existence of probable cause may be considered as a part of the totality of the circumstances.  *Id.*  Other relevant circumstances include the severity of the suspected crime at issue, whether the suspect posed an immediate threat to the safety of officers or others, and whether the suspect was actively resisting arrest or attempting to evade arrest. *Miller v. Clark County*, 340 F.3d 959, 964 (9th Cir. 2003); *see Bryan*, 630 F.3d at 823-24.

As in his prior complaints, Plaintiff fails to allege when the alleged use of excessive force by Spruyt occurred.  Plaintiff is possibly referring to a use of force by Spruyt in the course of his arrest in relation to case #CR2012-132289, where he is awaiting trial on charges of aggravated assault and misconduct involving weapons, but that is not clear from the Complaint.  Moreover, Plaintiff indicates that he was running away from Spruyt, apparently after the vehicle in which he was a passenger had been stopped, and that Plaintiff had a cell phone in his hand, which Plaintiff suggests the officer thought was a gun.  Plaintiff does not indicate what time of day these events occurred, if the area was dark or well lit, or how far Plaintiff was from the officer when he was shot.  Plaintiff does not state why he was running from the officer but it appears he was evading arrest.  Thus, Plaintiff does not allege sufficient facts to suggest that the

1 alleged use of force against him was objectively unreasonable in light of the facts and surrounding circumstances. Accordingly, Plaintiff fails to state a claim for excessive force by an officer and Count I will be dismissed.

### B.     Medical Care

In Count II of his Complaint, Plaintiff alleges that he was denied constitutionally adequate medical care. Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of*

*Corrs.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff fails to state a claim for denial of constitutionally adequate medical care. Plaintiff states that Defendant Corbin has refused to give him supplies to care for his stoma and that he has only been provided supplies by someone two or three times during his entire incarceration. First, Plaintiff fails to give any indication as to how long he has been incarcerated. Second, Plaintiff fails to provide any dates, or even approximate dates, for when he has requested supplies from Corbin and when Corbin allegedly refused to provide supplies. Plaintiff fails to state whether he filed any health needs requests, grievances, or other complaints about the lack of supplies. Finally, Plaintiff says the stoma site has become infected due to the lack of supplies, but he fails to provide any information about these infections, their severity, or whether he needed any additional treatment for the infections.

Plaintiff alleges that Defendant Mullany's refusal to reverse his colostomy was deliberately indifferent because Mullany was aware that Plaintiff had suffered infections because he was not receiving the supplies he needed. Plaintiff fails to provide any information about when he requested a colostomy reversal or how Mullany was aware that Plaintiff's stoma site was infected or that he was not receiving the supplies he needed. Plaintiff does not state whether he was ever examined by Mullany or requested that Mullany examine him. Plaintiff does not allege that he filed any health needs requests, grievances, or other complaints about the need for a colostomy reversal,

1 infections, or lack of supplies. Thus, Plaintiff fails to provide facts to support that
2 colostomy reversal in his case amounts to a "serious medical need" or that Mullany's
3 response that colostomy reversal is elective was deliberately indifferent.

4 Finally, Plaintiff's vague allegation that Defendant Kelly's refusal to have Plaintiff
5 "transferred to get help," even though Kelly saw Plaintiff's infection and Plaintiff told
6 Kelly he was not getting supplies from Corbin, fails to state a claim of deliberate
7 indifference to a serious medical need. Plaintiff does not state when he told Kelly about
8 the problems he had getting supplies or the infections, and he does not say he ever asked
9 Kelly for his assistance in getting supplies or being transferred. He states that Kelly has
10 the authority to send Plaintiff to receive services from Plaintiff's own physicians but he
11 fails to state how a transportation officer has the authority to make a medical
12 determination to send an inmate to an off-site doctor. Although *pro se* pleadings are
13 liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and
14 vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of*
15 *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil
16 rights complaint may not supply essential elements of the claim that were not initially
17 pled. *Id*.

18 Accordingly, Count II will be dismissed.

19 **IV. Dismissal without Leave to Amend**

20 Because Plaintiff has failed to state a claim in his Second Amended Complaint, the
21 Court will dismiss his Second Amended Complaint. "Leave to amend need not be given
22 if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express,*
23 *Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is
24 particularly broad where Plaintiff has previously been permitted to amend his complaint.
25 *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).
26 Repeated failure to cure deficiencies is one of the factors to be considered in deciding
27 whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

28 . . . .

1 | Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court.  The Court finds that further opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)   Plaintiff's Second Amended Complaint (Doc. 6) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)   The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)   The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 26th day of February, 2014.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge